## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS BROWN, | : | |
| a.k.a., Nabbidin Ali, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-4268 |
| | : | |
| DEPARTMENT OF | : | |
| SOCIAL SERVICES, | : | |
| *Defendant.* | : | |

### MEMORANDUM

**Pappert, J.**                                                        **July 13, 2026**

Amos Brown, also known as Nabbidin Ali, brings this *pro se* civil action pursuant

to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*.  For the following

reasons, the Court will grant Brown *in forma pauperis* status and dismiss his

Complaint.

I[1]

Brown sues the "Department of Social Services"[2] for allegedly violating his

constitutional rights. (*See* Compl. at 2-3, 7-8.)  He lists a New Jersey address for

himself, but states that he relocated to Philadelphia, Pennsylvania, in the Winter of

---

[1] The facts set forth in this Memorandum are taken from Brown's Complaint (Dkt. No. 2 ("Compl.")), which is comprised of the Court's form complaint for use by self-represented litigants and a typewritten supplement.  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Although Brown identifies the Defendant as the "Department of Social Services," (*see* Compl. at 2-3, 7-8), the Court understands Brown to bring claims against Pennsylvania's Department of Human Services ("DHS"), based on events at the Philadelphia County Assistance Office – Somerset District, located at 2701 N. Broad Street, #2, Philadelphia, Pennsylvania.  Accordingly, the Court will refer to the Defendant as DHS.

2019.  (*Id.* at 2, 4.)  "Still facing homelessness, [Brown] went to 2701 N. Broad St. for help and put in applications for all entitlements (housing, Medicaid & food stamps)." (*Id.* at 4.)  Because he was still struggling with homelessness, Brown went to the Philadelphia Housing Authority on February 19, 2026, and learned that "after waiting over seven (7) years that [he] was still on the 'waiting list.'"  (*Id.* at 4, 11.)  Brown went back to 2701 N. Broad Street and the DHS workers there "indicated that due to the pandemic four (4) years of files were 'DELETED.'"  (*Id.* at 4.)  Brown contends that this was "illegal" and "improper record-keeping" and violated his due process rights.  (*Id.* at 4, 8, 9.)  Brown asserts physical and mental injuries and seeks monetary damages.  (*Id.* at 5.)

## II

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Additionally, § 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see also Ellison v. Smith*, 778 F. App'x 195, 196 (3d Cir. 2019) (*per curiam*) ("A District Court is authorized to dismiss a complaint sua sponte on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit." (citation omitted)).

III

Brown asserts that DHS intentionally deleted files in violation of his federal due process rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A state and its agencies are not "persons" who may be liable § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." (cleaned up)).  Further, the Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment to the United States Constitution and has not waived that immunity for lawsuits filed in federal court. *See Pennhurst State*

3

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22.  State agencies, such as DHS, are likewise immune from such suits.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010) ("State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment."); *see also Yerger v. Northumberland Cnty. Assistance Off.*, No. 24-2513, 2024 WL 5040397, at *1 (3d Cir. Dec. 9, 2024) (*per curiam*) ("Pennsylvania DHS and, by extension one of its local offices, Northumberland [County Assistance Office] are entitled to Eleventh Amendment immunity because they are agencies of the Commonwealth of Pennsylvania, which has not waived its immunity here." (citation omitted)); *Dix v. Torrance State Hosp.*, No. 24-1766, 2025 WL 3769105, at *1 (W.D. Pa. Dec. 31, 2025) ("The DHS is an arm of the state entitled to assert Pennsylvania's Eleventh Amendment immunity."); *Sherle v. Pa. Dep't of Hum. Servs.*, No. 21-140, 2022 WL 17469468, at *2 (W.D. Pa. Dec. 6, 2022) (dismissing § 1983 claim against DHS as barred by the Eleventh Amendment).  Accordingly, Brown's § 1983 claim against DHS for damages must be dismissed.

IV

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  This dismissal will be without prejudice.  *See Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (stating that a dismissal on the basis of Eleventh Amendment immunity "should normally be without prejudice").  Leave to amend will not be given, as amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

4

An appropriate order regarding dismissal follows, which shall be entered separately.  See Fed. R. Civ. P. 58(a).

**BY THE COURT:**


**_/s/ Gerald J. Pappert_**
**Gerald J. Pappert, J.**